IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL GARCIA, | : | |
| | : | CIVIL ACTION No. 24-6316 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA and | : | |
| BRIDGET L. KIRN, | : | |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BRIDGET KIRN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, former Assistant District Attorney Bridget Kirn ("Defendant Kirn"), by and through her attorneys, hereby files this Reply Memorandum of Law in support of her Motion to Dismiss Plaintiff's Amended Complaint, and in support thereof, assert that for the reasons that follow, Plaintiff's Amended Complaint should be dismissed with prejudice.

**I.    DEFENDANT KIRN IS ABSOLUTELY IMMUNE FROM LIABILITY FOR ACTIONS TAKEN AS AN ADVOCATE FOR THE COMMONWEALTH.**

In an attempt to avoid dismissal, Plaintiff argues that routine prosecutorial functions are investigative and/or administrative and therefore not entitled to absolute immunity. [ECF No. 34-1 at pgs. 6-7.] However, the cited conduct—threatening future prosecution to induce testimony, securing a bond, and engaging in plea bargaining, are clearly not investigative nor administrative.

First, "a prosecutor is acting in the role of the state's advocate, in a function intimately associated with the judicial process, when he threatens prosecution." *Payson v. Ryan*, No. CIV. A. 90-1873, 1992 WL 111341, at *7 (E.D. Pa. May 14, 1992); *see also Light v. Haws*, No. CIV.A. 1:03-CV-0725, 2007 WL 2916461, at *5 (M.D. Pa. Oct. 5, 2007) ("[P]ressuring individuals into plea bargains and forewarning them of future prosecution receive the protection of absolute

immunity because they are directly connected to the prosecutor's judicial law-enforcement function."). In addition, "actions taken in relation to bail or bond are not investigative or administrative." *Root v. Liston*, 363 F. Supp. 2d 190, 194 (D. Conn. 2005); *see also Jakupovic v. Curran*, No. 16 C 03636, 2016 WL 4245534, at *4 (N.D. Ill. Aug. 11, 2016) ("Here, as alleged, ASA Fusz was presenting the State's case by requesting certain bond conditions for Jakupovic. The allegations therefore do not even suggest that Fusz was engaged in administrative or investigative tasks, in which case the immunity would not apply."). Finally, "[c]onduct associated with plea bargaining is clearly not administrative or investigative but rather is so intimately associated with the prosecutor's role as an advocate of the State in the judicial process, that the prosecutor is absolutely immune in his individual capacity from § 1983 liability for such actions." *Cole v. Smith*, No. 97-5964, 1999 WL 685940, at *2 (6th Cir. 1999); *see also Wooten v. Roach*, 964 F.3d 395, 411 (5th Cir. 2020) ("We consider plea bargaining activities to be intimately associated with the judicial phase of the criminal process"); *Wallace v. Powell*, No. 3:09-CV-0291, 2009 WL 6850318, at *11 (M.D. Pa. Nov. 20, 2009) ("The decision to accept a guilty plea, like the decision to plea bargain, is prosecutorial in nature. Such a decision is made in the state role of a prosecutor."). Accordingly, Defendant Kirn is entitled to absolute immunity.

## II.   DEFENDANT KIRN IS ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFF'S FAILURE TO INTERVENE CLAIM.

Plaintiff has confused the issues with respect to Defendant Kirn's qualified immunity argument. In the Motion to Dismiss, Defendant Kirn argues that she is entitled to qualified immunity on Plaintiff's failure to intervene claim because it was not clearly established that a prosecutor should intervene to protect a defendant from the conduct of police officers. [ECF No. 28-1 at pg. 13.] In response, Plaintiff argues that "a reasonable person and prosecutor would know, at that time, that it was unconstitutional and indeed, illegal, to fabricate, tamper with and plant

evidence." [ECF No. 34-1 at pg. 7.] The issue is not, however, what was (or was not) constitutional as it pertains to the conduct of the officers who investigated Plaintiff's case. Instead, the issue is whether Defendant Kirn knew that she had a duty to intervene to protect a defendant from any alleged misconduct of the investigating officers. Plaintiff has cited to no legal precedent in support of this position. That is because the caselaw is clear that there was—and still is—no duty to intervene. *See Manivannan v. Cnty. of Ctr., Pennsylvania*, No. 4:21-CV-01359, 2022 WL 18276907, at *16 (M.D. Pa. Aug. 19, 2022) (relying on *Thorpe v. City of Phila.*, No. CV 19-5094, 2020 WL 5217396, at *10 (E.D. Pa. Sept. 1, 2020) to find that district attorney was entitled to qualified immunity as it pertained her alleged failure to intervene on the plaintiff's behalf to prevent his false arrest, malicious prosecution, and deprivation of liberty), *report and recommendation adopted*, No. CV 4:21-1359, 2023 WL 173141 (M.D. Pa. Jan. 12, 2023).

### III. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM THAT DEFENDANT KIRN COERCED OR THREATENED WITNESSES TO IMPLICATE PLAINTIFF.

Notwithstanding Plaintiff's recitation of the allegations of the Complaint [ECF No. 34-1 at pgs. 9-10], which purportedly supports his due process claim, as discussed in detail in the Motion to Dismiss, there is no cognizable cause of action for obtaining and/or using false witness statements:

> In *Imbler* and in subsequent cases, courts have extended absolute immunity to a prosecutor who knowingly used false evidence, *see Burns*, 500 U.S. at 486; suborns perjury, or even commits perjury or falsifies evidence, as long as the acts were committed as part of the prosecutor's role in the judicial system. *See Johnson v. City of Reading*, 2023 WL 1783775 *15 (E.D. Pa. 2023) (quoting *Davis v. Grusemeyer*, 996 F.2d 617, 630 n.28 (3d Cir. 1993), overruled on other grounds by *Rolo v. City Investing Co. Liquidating Tr.*, 155 F.3d 644 (3d Cir. 1998)). Moreover, that the evidence implicating him may have been disputed doesn't make it fabricated; the Third Circuit has explicitly rejected the notion that a claim for fabricated evidence can be based on evidence that is simply disputed. *Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014).

3

[ECF No. 28-1 at pgs. 9-10.]  Accordingly, any claim Plaintiff has asserted based upon Defendant Kirn coercing and/or threatening witnesses to implicate Plaintiff must be dismissed, as it is barred by the doctrine of absolute immunity.

IV. **PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM THAT DEFENDANT KIRN IS LIABLE FOR FAILING TO TRAIN INVESTIGATORS, OFFICERS, OR OTHER ATTORNEYS.**

Plaintiff's argument that discovery is needed before this Court can dismiss his supervisory liability claim against Defendant Kirn glosses over the primary reason why the claim should be dismissed against her: Plaintiff has failed to allege that she was a supervisor.

To overcome a motion to dismiss for failure to state a claim, the pleader must allege sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Rather, facial plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  When considering a motion to dismiss, a court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Federal law demands more than unadorned, "the-defendant unlawfully-harmed-me" accusations.  *Id.* at 678.  Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Where a plaintiff is unable to comply with these pleading standards, dismissal with prejudice is warranted.  *See Diaz v. Holder*, No. 1:12-CV-2520, 2013 WL 504236, at *5 n.1 (M.D. Pa. Jan. 16, 2013) ("Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. [Plaintiff] has been afforded this opportunity, therefore, the failure to timely submit a proper amended complaint that complies with the strictures of Rule 8 now warrants the dismissal of the complaint with prejudice.").

Merely stating that someone is a supervisor—without additional facts—does not make it true. *See Jeannot v. Philadelphia Hous. Auth.*, No. 18-1977, 2018 WL 4739669 at *6 (E.D. Pa. Oct. 2, 2018) ("[B]are allegations that an individual has supervisory authority . . . are insufficient to sustain a claim . . ."); *see also Arrey v. Zebley*, No. CV 24-0589, 2024 WL 5250083, at *3 (E.D. Pa. Dec. 30, 2024) (dismissing supervisory liability claim and finding that plaintiff "ha[d] not named a single supervisor" where plaintiff asserted conclusory allegations that "[defendant was] the employer and [held] supervisory liability over [other defendants]."); *Sprecher v. Se. Home Health Servs. of PA, LLC*, No. 20-CV-0968-JMY, 2020 WL 3830148, at *3 (E.D. Pa. July 8, 2020) ("Although it is alleged generally that [defendant] . . . 'had actual supervisory authority' . . . the Amended Complaint is silent as to any actions in which [defendant] directly supervised [others], and whether he had the authority to make any decisions affecting the terms and conditions of [anyone's] employment."); *Kent v. Henderson*, 77 F. Supp. 2d 628, 634 (E.D. Pa. 1999) (holding that plaintiff failed to show that defendant was her supervisor as she failed to demonstrate that defendant "had authority to hire, fire, re-assign, or demote her or set her work schedule or pay rate, or that [defendant] had the power to take tangible employment action against her or affect her daily work activities.").

As initially argued in the Motion to Dismiss, "Plaintiff's complaint fails to allege . . . that ADA Kirn, the prosecutor assigned to prosecute Plaintiff, bore any responsibility for supervising or training anyone else in connection with the execution of their responsibilities." [ECF No. 28-1 at pg. 14 (internal citations omitted).] Accordingly, Plaintiff's supervisory liability claim must be dismissed because Plaintiff has failed to plead facts that establish that—as a threshold matter—Defendant Kirn was a supervisor.

                                                     Respectfully submitted,

Dated: May 12, 2025                    */s/ Tanneika A. Minott* _____
                                                     Shelley R. Smith, Esq.
                                                     Tanneika A. Minott, Esq.
                                                     Three Logan Square
                                                   ADate1717 Arch Street, Suite 3500
                                                     Philadelphia, PA 19103-7393
                                                   (215) 963-3300
                                                   *Attorneys for Defendant Bridget L. Kirn*

## CERTIFICATE OF SERVICE

I, Tanneika A. Minott, Esquire, hereby certify that I have served upon all parties a true and correct copy of Defendant Kirn's Reply in Support of her Motion to Dismiss Plaintiff's Amended Complaint via this Court's electronic filing system.

Respectfully submitted,

Dated: May 12, 2025              /s/ Tanneika A. Minott

230477876 v1