UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL GARCIA : <br> : <br> **Plaintiff,** : <br> : <br> vs. : <br> : <br> CITY OF PHILADELPHIA; BRIDGET L. : <br> KIRN; PHILADELPHIA OFFICE OF THE : <br> DISTRICT ATTORNEY; PHILADELPHIA : <br> POLICE DEPARTMENT; SERGEANT : <br> JOSEPH DEL GRIPPO; DETECTIVE : <br> GERARD BRENNAN; DETECTIVE : <br> THOMAS WILSON and JOHN/JANE : <br> DOE(S) #1 - #10 : <br> : <br> **Defendants.** : | Civil Action No. 2:24-cv-06316 <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S SUPPLEMENTAL BRIEF**
**ON THE ISSUE OF QUALIFIED IMMUNITY**

Plaintiff submits the following Supplemental Brief on the specific issue of qualified immunity as requested by this Honorable Court at oral argument on September 10, 2025, and in accordance with this Honorable Court's Order of the same date.

**A.**     **Qualified Immunity Standard, Generally**

It is well-settled Pennsylvania law that qualified immunity shields state officials, including police officers and detectives, from liability unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person would have known. This standard is applied on a case-by-case basis, considering the specific facts and legal context. Weimer v. County of Fayette, 972 F.3d 177 (3d Cir. 2020); Thomas v. City of Harrisburg, 88 F.4th 275 (3d Cir. 2023); Yarris v. County of Delaware, 465 F.3d 129 (3d Cir. 2006). Stated differently, the key question is whether a reasonable police officer could have believed that his or her actions were lawful in light

of clearly established law and the information he or she possessed at the time. Malley v. Briggs, 475 U.S. 335 (1986).

**B.     Defendants' Specific Violations of Plaintiff's Constitutional Rights**

| Federal Right(s) Violated | Individual Defendant Violator(s) | Factual Basis in Amended Complaint | Date Right Was Established | Supportive Caselaw |
|---|---|---|---|---|
| Plaintiff's right to counsel pursuant to the Sixth Amendment. | Defendants Brennan and Wilson | Plaintiff requested a specific attorney by name, and Defendants unlawfully proceeded with the interrogation without providing him with counsel in violation of his Sixth Amendment right. See DI 17 at ¶ 24. | 1964 | Escobedo v. Illinois, 378 U.S. 478 (1964); see also, Edwards v. Arizona, 451 U.S. 477, 484-85 (1981), which was adopted and applied by the Third Circuit. See, e.g., U.S. v. Velasquez, 885 F.2d 1076 (3d Cir. 1989); Alston v. Redman, 34 F.3d 1237 (3d Cir. 1994). |
| Plaintiff's Fourteenth Amendment right, which bars "involuntary" confessions. | Defendants Brennan and Wilson | Defendants coerced Plaintiff's confession during a 16-hour long interrogation, and then composed the fabricated confession themselves and forced Plaintiff to sign it by threatening to arrest his wife and mother of his child and denying him the right to consult with an attorney, who he requested by name. See DI 17 at ¶¶ 24-25. | 1936 | Brown v. Mississippi, 297 U.S. 278, 286 (1936); Chambers v. Florida, 309 U.S. 227, 235-238 (1940); Ashcraft v. Tennessee, 322 U.S. 143 (1944); Haynes v. Washington, 373 U.S. 503 (1963); U.S. ex rel. Hayward v. Johnson, 508 F.2d 322 (3d Cir. 1975); Mincey v. Arizona, 437 U.S. 385 (1978); Colorado v. Connelly, 479 U.S. 157, 163 (1986); U.S. v. Swint, 15 F.3d 286 (3d Cir. 1994). |
| Plaintiff's Fourteenth Amendment right not to be convicted on perjured witness testimony at trial. | Defendants Brennan, Wilson and Del Grippo | Defendants threatened to charge Plaintiff's sister with crimes and send her to prison if she did not falsely provide a sworn statement against Plaintiff. See DI 17 at ¶ 23. | 1935 | Mooney v. Holohan, 294 U.S. 103 (1935); Pyle v. Kansas, 317 U.S. 213, 216 (1942). |

2

As set forth succinctly yet quite abundantly in the chart above, Individual Defendants Detective Thomas Wilson, Detective Gerard Brennan and Sergeant Joseph Del Grippo are not entitled to qualified immunity, because the constitutional violations they committed were clearly established and known to a reasonable person in 2005 when their unlawful conduct occurred.

> 1. *Defendants Violated Plaintiff's Constitutional Right to the Assistance of Counsel*

In 1964, the United States Supreme Court held that an individual's constitutional right to the assistance of counsel is violated when:

> the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into custody, the police carry out a process of interrogations that lends itself to eliciting criminal statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent.

Escobedo v. Illinois, 378 U.S. 478, 490-91 (1964). The Supreme Court reinforced its position in 1981 when it clearly held that an accused individual in police custody who has invoked his right not to speak until his has consulted with an attorney "is not subject to further interrogation…until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). Edwards was adopted and applied by the Third Circuit. See, e.g., U.S. v. Velasquez, 885 F.2d 1076 (3d Cir. 1989); Alston v. Redman, 34 F.3d 1237 (3d Cir. 1994).

It is obvious that Plaintiff's right to counsel was well-established decades before his interrogation by Defendants, and their denial and continuation of the interrogation after Plaintiff requested his attorney by name is a clear violation of Plaintiff's constitutional protections under the Sixth Amendment.

### 2. Defendants Violated Plaintiff's Constitutional Right Barring "Involuntary" Confessions

Dating back to 1936, the U.S. Supreme Court has held that "involuntary" confessions procured by physical or psychological torture are unconstitutional. Brown v. Mississippi, 297 U.S. 278, 286 (1936). Over the years, the definition of an "involuntary" confession has been expanded. Chambers v. Florida, 309 U.S. 227, 235-238 (1940) (includes all night examinations without formal charges being brought and without the ability to see family members, friends or an attorney); Ashcraft v. Tennessee, 322 U.S. 143, 155 (1944) (the length of the interrogation); Haynes v. Washington, 373 U.S. 503 (1963) (failure of police to inform the criminal suspect of his rights to remain silent and have counsel present); U.S. ex rel. Hayward v. Johnson, 508 F.2d 322 (3d Cir. 1975) (the court must consider the "totality of the circumstances" to determine the voluntariness of a confession and may include the length and time of an interrogation, the suspect's age and whether he was informed of his rights); Mincey v. Arizona, 437 U.S. 385 (1978); Colorado v. Connelly, 479 U.S. 157, 163 (1986) (police coercion may render a confession "involuntary"); U.S. v. Swint, 15 F.3d 286 (3d Cir. 1994) (confession may be rendered involuntary by "police overreaching"). In 1944, the Supreme Court held that "The Constitution of the United States stands as a bar against the conviction of any individual in an American court by means of a coerced confession." Ashcraft, 322 U.S. at 155 (1944).

The facts as set forth in Plaintiff's Amended Complaint ¶¶ 24-25 obviously demonstrate that Plaintiff's confession was "involuntary" in violation of well-established, well-known constitutional rights. Defendants interrogated Plaintiff for 16 hours, denied Plaintiff's request to speak with a specific attorney, composed the fabricated confession themselves and unlawfully forced Plaintiff to sign it by threatening to arrest his wife and mother of his child. See DI 17 at ¶¶ 24-25. It is clear that by reviewing Defendants' actions in the context of the "totality of the

circumstances," they knowingly violated Plaintiff's constitutional rights and are not entitled to qualified immunity.

> 3. *Defendants Violated Plaintiff's Constitutional Rights by Coercing a Witness into Making a False Statement, Which was Used to Obtain Plaintiff's Conviction*

An individual's right to not be convicted on perjured testimony has been clearly established by the United States Supreme Court since at least 1935. Mooney v. Holahan, 294 U.S. 103, 112 (1935) (holding that due process is not satisfied where "a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured."). Counsel for the Individual Defendants' contention at oral argument that a false witness confession is only a constitutional violation for the witness and not the convicted person is flatly wrong and belied by Mooney and Pyle v. Kansas, 317 U.S. 213, 216 (1942) (holding that it is a violation of due process to obtain a conviction through perjured testimony and the deliberate suppression of evidence favorable to the accused).

Plaintiff's sister signed an affidavit confirming that Defendants coerced her into signing a false statement that Plaintiff lived at the residence, and in the specific room, where stolen goods were discovered. They did this by threatening to charge her with crimes and send her to prison unless she signed the knowingly perjured statement. See DI 17 at ¶ 23. This statement was used as evidence to obtain Plaintiff's conviction, thus violating his constitutional right to due process.

**CONCLUSION**

In light of the foregoing, Plaintiff respectfully submits that Defendants Sergeant Joseph Del Grippo, Detective Gerard Brennan and Thomas Wilson's respective Motions to Dismiss must be denied, because they are not entitled to qualified immunity.

                                                        **THE BEASLEY FIRM, LLC**

BY:    */s/ Dion G. Rassias*
           DION G. RASSIAS, ESQUIRE
           JILL JOHNSTON, ESQUIRE
           1125 Walnut Street
           Philadelphia, PA 19107
           (215) 592-1000
           (215) 592-8360 (facsimile)

DATED: September 17, 2025

## CERTIFICATE OF SERVICE

Dion G. Rassias, Esquire, hereby certifies that on this date, a true and correct copy of the foregoing was sent to the below-listed individuals, via ECF:

Aleena Y. Sorathia, Esquire
Katelyn L. Mays, Esquire
Peter Erdely, Esquire
Ahmad Zaffarese LLC
One South Broad Street, Suite 1910
Philadelphia, PA 19107
*Attorneys for Defendants City of Philadelphia,
Sergeant Joseph Del Grippo, Detective Gerard Brennan and
Detective Thomas Wilson*

Shelley R. Smith, Esquire
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
*Attorneys for Defendant Bridget L. Kirn*

Thomas Gaeta, Esquire
Philadelphia District Attorney's Office
3 S. Penn Square, 13th Floor
Philadelphia, PA 19107
*Attorneys for Defendant Philadelphia Office of the District Attorney*

**THE BEASLEY FIRM, LLC**

BY:  /s/ Dion G. Rassias
DION G. RASSIAS, ESQUIRE
JILL JOHNSTON, ESQUIRE
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000
(215) 592-8360 (facsimile)

DATED: September 17, 2025