**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAFAEL GARCIA | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 2:24-cv-06316-JFM** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |
| | : | |

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, OR, IN THE ALTERNATIVE, FOR DECLARATORY JUDGMENT

Plaintiff, by and through his undersigned counsel, hereby submits his Motion to Enforce Settlement Agreement, or, in the Alternative, for Declaratory Judgment, and in support thereof, states and avers as follows:

1.      The instant case involves the Plaintiff's wrongful imprisonment for 19 years and seven months for crimes he had no reasonable chance of defending because of the Defendants' misconduct, which included using coercive investigative techniques like threats and promises in interviews and interrogations to obtain incriminating evidence; fabricating inculpatory evidence; concealing or withholding exculpatory evidence; tampering or manufacturing evidence; and fabricating incriminating statements from witnesses, suspects and arrestees.  See Plaintiff's Amended Complaint (DI 17) at ¶¶ 110-112.  Plaintiff's Complaint was filed on November 26, 2024 (DI 1), and his Amended Complaint was filed on March 31, 2025 (DI 17).

2.      As will be set forth more fully in the accompanying Memorandum of Law, the parties had reached a settlement on Thursday, January 29, 2026, at 4:47 p.m. to settle the case for the amount of $305,000.00.

3.      During the negotiations culminating with the settlement, at no point in time did counsel for the Defendants ever state, suggest or imply that the Release to be executed by the Plaintiff would also include the relinquishment of any other potential causes of action he may hold against any person or entity not a party to this lawsuit or not even capable of being a party to this lawsuit.

4.      Nevertheless, in the Release proffered by the Defendant City after the settlement was agreed to, that may be precisely what the City asks the Plaintiff to sign.  This, of course, is unacceptable under well-settled Pennsylvania law, and because it was not a term or condition of the settlement.

5.      In the alternative, the Plaintiff requests this Honorable Court exercise its powers of declaratory judgment and find that the Release proposed by the Defendants does not vitiate any rights that the Plaintiff may have against any party who is not in any way affiliated with the City of Philadelphia or otherwise a party (or could have been a party) to this Release.

6.      Plaintiff further incorporates herein all of his arguments and evidence set forth in the accompanying Memorandum of Law.

WHEREFORE, Plaintiff seeks an Order from this Honorable Court enforcing the settlement agreement as to the material terms that were negotiated at the time that the settlement was forged, or, alternatively, enter an Order in declaratory judgment holding that the Release proffered by the City of Philadelphia does not release the Plaintiff's rights against any other person or entity who is not a party to this lawsuit or otherwise affiliated with the City of Philadelphia.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

BY:    */s/ Dion G. Rassias*
        DION G. RASSIAS, ESQUIRE

2

1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000
DATED:  March 13, 2026                    (215) 592-8360 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAFAEL GARCIA | : | |
| | : | |
| **Plaintiff,** | : | Civil Action No. 2:24-cv-06316-JFM |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**HIS MOTION TO ENFORCE SETTLEMENT AGREEMENT, OR, IN THE**
**ALTERNATIVE, FOR DECLARATORY JUDGMENT**

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On May 23, 2006, Plaintiff was sentenced to a term of incarceration of 35 to 70 years after his conviction for 37 counts of Burglary, 37 counts of Receiving Stolen Property, one count of Criminal Conspiracy, and one count of Corrupt Organizations (a total of 76 counts). See Plaintiff's Amended Complaint (DI 17) at ¶ 14. The investigation of these crimes was conducted primarily by Assistant District Attorney Bridget L. Kirn ("Kirn") in conjunction with Philadelphia Police Department ("PPD"), by and through its employees, including, but not limited to, Sergeant Joseph Del Grippo ("Del Grippo"), Defendant Detective Gerard Brennan ("Brennan") and Defendant Detective Thomas Wilson ("Wilson"). Id. at ¶ 19.

On August 27, 2018, Rafael Garcia filed his second *pro se* PCRA Petition, as well as Memorandum of Points and Authorities, alleging multiple instances of egregious and previously undisclosed prosecutorial and police misconduct by Defendants during the investigation of these crimes, which included, inter alia, after-discovered evidence of witness intimidation and/or extortion of a key witness, Jocelyn Garcia, by the Defendants. Id. at ¶ 22. Additionally, Plaintiff's

own alleged "confession" to eight (8) of the burglaries was coerced, fabricated and written by Defendants Brennan and Wilson after approximately 16 hours of interrogation and threats by these Defendants with no opportunity for Plaintiff to consult with a specific attorney, whom he requested by name.  The fabrication is obvious because the details contained in the alleged "confession" are not consistent with the actual burglaries themselves. Id. at ¶¶ 24-25. Furthermore, a review of the Commonwealth's files, folders and documents relative to Plaintiff's (and his three co-defendants') criminal case revealed additional intentional, egregious and reckless conduct by the Defendants in investigating and prosecuting Plaintiff, all as set forth in his Amended Complaint (DI 17).

On March 12, 2024, the Honorable Ramy I. Djerassi of the Court of Common Pleas of Philadelphia County granted Plaintiff's PCRA Petition, vacated Plaintiff's sentence and ordered a new trial. Id. at ¶ 94.  Solely to avoid facing a new trial and spending another two years in prison awaiting a retrial after nearly 20 years Plaintiff already spent in jail, Plaintiff pled guilty to some charges of Burglary, Receiving Stolen Property and Criminal Conspiracy and was released with time served.  All of the many remaining charges were *nolle prossed*.  Id. at ¶ 95.

Ultimately, Plaintiff served 19 years and seven months in prison for crimes he had no reasonable chance of defending because of all of the Defendants' misconduct, which included using coercive techniques like threats and promises in interviews and interrogations to obtain incriminating evidence; fabricating inculpatory evidence; concealing or withholding exculpatory evidence; tampering or manufacturing evidence; and fabricating incriminating statements from witnesses, suspects and arrestees.  See Plaintiff's Amended Complaint (DI 17) at ¶¶ 110-112.

 Plaintiff initiated this lawsuit with the filing of a Complaint against Defendants City of Philadelphia and Bridget L. Kirn on November 26, 2024 (DI 1).  Defendants were properly served with the Summons and Complaint.  On March 10, 2025, Defendant City filed a Motion to Dismiss,

2

and on March 12, 2025 (DI 12), Defendant Kirn filed her Motion to Dismiss Plaintiff's Complaint (DI 15).  In response to these motions, Plaintiff filed as of right an Amended Complaint on March 31, 2025, naming additional Defendants Philadelphia Police Department, Philadelphia Office of the District Attorney, Sergeant Joseph Del Grippo, Detective Gerard Brennan and Detective Thomas Wilson (DI 17). [1]

All Defendants filed Motions to Dismiss, which were fully briefed and argued.  On October 9, 2025, this Honorable Court entered an Order on the Motions to Dismiss dismissing Kirn and the District Attorney's Office with prejudice, effectively dismissing the PPD and Del Grippo, and dismissing some, but not all, claims against the City of Philadelphia, Brennan and Wilson. (DI 62).

At the Rule 16(d) Conference before the Honorable John F. Murphy, it was ordered that the parties would submit the matter to Magistrate Judge Carol Sandra Moore Wells for purposes of conducting a settlement conference.  Prior to scheduling that conference, the parties engaged in settlement discussions, which ultimately culminated in a settlement on January 29, 2026, at 4:47 p.m. for the amount of $305,000.00.  Exhibit "1" hereto constitutes the written communications between the parties regarding settlement and p. 8 of Exhibit "1" confirms that the Plaintiff accepted the offer to settle with the Release to be submitted at counsel's earliest convenience.

---

[1] Del Grippo and Brennan were served with the Summons and Amended Complaint.  Defendant City refused to accept service for PPD because it stated that the PPD is not a separate legal entity from the City.  Plaintiff learned that Defendant Wilson is no longer with the PPD, and diligent attempts to locate him were undertaken unsuccessfully. In light of this, Plaintiff filed a Motion to Enlarge Time to Effectual Service of the Summons and Amended Complaint and to conduct very limited discovery on the issue of Defendant Wilson's whereabouts and contact information.  This Motion was granted by this Honorable Court on June 23, 2025, and discovery was promptly served.  Thereafter, counsel for Defendants City of Philadelphia, Del Grippo and Brennan accepted service on behalf of Defendant Wilson and signed a Waiver of Service of Summons on July 2, 2025 (DI 48).

3

**At no point in time during the negotiations up to the confirmation of the settlement on January 29, 2026, did the Defendants ever imply, state or require that the Plaintiff would relinquish any and all other claims that the Plaintiff may have against third parties who were obviously not parties to the instant lawsuit or in any way related to the City of Philadelphia.**

Subsequent to the settlement agreement, the Defendants sent a Release which demanded that the Plaintiff relinquish claims not only against the City and the individual employees named in this case, but also "any and all other persons, associations or organizations, whether known or unknown, foreseen or unforeseen…by reason of any cause, matter or thing whatsoever arising from the above accident or incident, but is not limited to, any and all claims which have been made…." See Exhibit "2" (highlighting added).

The Plaintiff was incarcerated at State Correctional Institution (SCI) Albion. During his incarceration, the Plaintiff had complained of an unresolving cough which was treated by the infirmary at the prison. That treatment included no testing, but instead, the medical providers simply told the Plaintiff he "had a cold" and his condition would improve. It never did. Upon the Plaintiff's release from prison, Plaintiff thereafter went to the hospital for his cough and was ultimately diagnosed with lung cancer. Plaintiff has now requested his medical records from SCI Albion, and without waiver of privilege, he is interested in pursuing the possibility of a medical malpractice claim against SCI Albion for the misdiagnosis.

Arguably, the language that the City seeks is likely a "canned" or "form" type of Release as evidenced by the use of the term "accident" on page 2 of Exhibit "2." That notwithstanding, the City's attorneys never articulated a material term during the settlement negotiations which required the Plaintiff to potentially give up any and all other causes of action against any and all

4

third parties obviously not parties to the instant litigation, and not in any way affiliated with the City of Philadelphia.  This could obviously include SCI Albion.

The Plaintiff articulated these concerns to counsel for the Defendants promptly on February 9, 2026, at 2:44 p.m.  See Exhibit "1" at pp. 5-6.[2]

On Tuesday, March 10, 2026, defense counsel stated that the City is not willing to modify the Release language (other than to add Sergeant Del Grippo, who apparently was inadvertently omitted from the canned Release earlier provided).  Thus, the nature of the dispute is simple and direct: can the City interject a new material term to an agreed upon settlement after the settlement had been agreed upon, or, alternatively, does the language in the proposed Release preclude the Plaintiff's third party action given its possible vagueness with respect to the language regarding the release of "any and all other persons, associations or organizations,…or by any reason of any cause, matter or thing whatsoever arising from the above accident or incident…?"

## II.    ARGUMENT

It is well-settled in Pennsylvania that a party can enforce the original settlement agreement if a material term is later added to the Release that was not part of the original agreement. Settlement agreements are governed by principles of contract law, and courts will enforce such

---

[2] In response, counsel for Defendants wrote to Plaintiff's counsel and stated "[a]s someone who has litigated against the City before…," insinuating that Plaintiff's counsel was somehow already familiar with the Release language and should have known what would be contained in the Release.  This is false.  For the record, Plaintiff's counsel has only litigated against the City one (1) time to the best of his and his employer's computer system's recollection, and it involved a slip and fall case for a friend, which was settled for $20,000.00 in 2021.  Thus, in 37 years, Plaintiff's counsel has litigated with the City once, the Release for which, coincidentally, was revised to carve out a potential medical malpractice case, among other cases.  A true and correct copy of that Release is attached hereto and made a part hereof as Exhibit "3."  In Exhibit "3," this Honorable Court can plainly see that the reservations for third party claims were specifically included in that Release, and therefore acceptable to the City.  Counsel's statement about what was to be expected in the Release from the City is completely wrong and obviously misleading.

agreements if all material terms of the bargain are agreed upon, even if the agreement is not reduced to writing. Wolf v. CONRAIL, 840 A.2d 1004 (Pa.Super. 2003), Mastroni-Mucker v. Allstate Ins. Co., 2009 PA Super 101 (2009).

In Wolf v. CONRAIL, the Pennsylvania Superior Court held that a verbal settlement agreement was enforceable on its own terms, despite the absence of a written Release. The court emphasized that if a party seeks to impose additional conditions, such as the execution of a release containing new terms, those conditions must be explicitly agreed upon at the time of the settlement. Wolf v. CONRAIL, 840 A.2d 1004, 1007 (Pa.Super. 2003).  The court found that the trial court erred in compelling the plaintiff to sign a release that included terms not part of the original agreement.  Id.; see also, Johnston v. Johnston, 499 A.2d 1074, 1078 (Pa. Super. 1985) (trial court could not compel parties to sign written contract that contained terms not included in settlement agreement placed on the record during trial).

Similarly, in Mastroni-Mucker v. Allstate Ins. Co., the court reiterated that an oral settlement agreement expressing the parties' intention to settle is valid and binding, even without a written release, provided there is no express reservation of the right not to be bound absent a signed writing.  Mastroni-Mucker v. Allstate Ins. Co., 976 A.2d 510, 522 (Pa.Super. 2009).

In the instant case, it is clear that the terms of the Release specifically set forth above releasing "any and all other persons, associations or organizations,…or by any reason of any cause, matter or thing whatsoever arising from the above accident or incident…" was not part of the original settlement agreement when it was made on January 29, 2026.  Plaintiff never agreed to this term and/or this language, and indeed, Defendants never stated their intention to include it in the Release at the time when the original settlement agreement occurred.  Therefore, Plaintiff seeks to enforce the original settlement agreement pursuant to well-settled Pennsylvania law, which will

allow him to release all of the Defendants and all affiliated persons and/or entities, but not third parties that are not in any way involved in the instant case.

_____

Alternatively, Plaintiff seeks a declaratory judgment from this Honorable Court stating that the Release proffered by the Defendants does not preclude him from investigating and/or pursuing an action against SCI Albion for medical malpractice. Under Pennsylvania law and related federal jurisprudence, courts are recognized to have broad authority to issue declaratory judgments, subject to certain limitations and discretionary considerations.

The Third Circuit Court of Appeals in Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014) recognized the "unique and substantial discretion" conferred upon federal courts under the Declaratory Judgment Act (28 U.S.C.S. § 2201). The court noted that this discretion allows federal courts to determine whether to issue declaratory relief based on considerations of practicality and wise judicial administration. The statute's "textual commitment to discretion" underscores the broad authority of courts to issue or decline declaratory judgments. Reifer, supra.

The Declaratory Judgment Act states, in relevant part:

> (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 [26 U.S.C.S. § 7428], a proceeding under section 505 or 1146 of title 11 [11 U.S.C.S. § 505 or 1146], or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(9) of the Tariff Act of 1930 [19 U.S.C.S. § 1516a(f)(9)]), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.S. § 2201.

Pursuant to this well-settled authority, Plaintiff respectfully requests that this Honorable Court alternatively enter declaratory judgment holding that nothing in the Release proposed by the Defendants shall preclude the Plaintiff from pursuing a medical malpractice case against SCI Albion and its affiliated persons and/or entities.

WHEREFORE, Plaintiff seeks an Order from this Honorable Court enforcing the settlement agreement as to the material terms that were negotiated at the time that the settlement was forged, or, alternatively, enter an Order in declaratory judgment holding that the Release proffered by the City of Philadelphia does not release the Plaintiff's rights against any other person or entity who is not a party to this lawsuit or otherwise affiliated with the City of Philadelphia.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

BY:    _/s/ Dion G. Rassias_
DION G. RASSIAS, ESQUIRE
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000
DATED:  March 13, 2026                (215) 592-8360 (facsimile)

8

# EXHIBIT "1"

| From: | Aleena Sorathia |
|---|---|
| To: | Dion G. Rassias; Jill Johnston |
| Cc: | Katelyn Mays; Peter Erdely |
| Subject: | Re: RE: RE: Re: RE: RE: Re: RE: RE: Re: Re: Garcia v. City of Phila, et al. |
| Date: | Tuesday, March 10, 2026 1:41:28 PM |
| Attachments: | image001.png |
| | image001[92].png |
| | 2026-03-09 Garcia General Release_track changes.docx |
| | 2026-03-09 Garcia General Release_final.pdf |

Good afternoon Jill and Dion,

After extensive conversation with my client, the City is not willing to modify the release language, as it is a standard release approved by all departments of the City of Philadelphia. I've attached the standard release agreement here, with the addition of two minor revisions (to add Sergeant Del Grippo and language about successors in interest) for your client's execution. A track changes version, from the initial version we sent in February, is also attached.

Warm regards,

Aleena Y. Sorathia
*she/her/hers*



Ahmad Zaffarese LLC
One South Broad Street, Suite 1910
Philadelphia, PA 19107
215.496.9373 (office)
610.739.2443 (mobile)

www.azlawllc.com

The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

**From:** Dion G. Rassias <dion.rassias@beasleyfirm.com>
**Date:** Monday, March 2, 2026 at 2:05 PM
**To:** Aleena Sorathia <asorathia@azlawllc.com>, Jill Johnston <jill.johnston@beasleyfirm.com>
**Cc:** Katelyn Mays <kmays@azlawllc.com>, Peter Erdely <perdely@azlawllc.com>

**Subject:** [External]RE: [External]RE: [External]Re: [External]RE: [External]RE: [External]Re: [External]RE: RE: Re: Re: Garcia v. City of Phila, et al.

Hello Aleena – I disagree that it's a question of his incarceration.  Rather, it's a simple question of who is being released, and I gave you everything you asked for.   Of course we want you to further explain this point to whomever is involved, and we'll file our motion if it drags on unreasonably. If you think of anything else to discuss, please call; otherwise, I think our communications here satisfy our meet and confer responsibilities to the court if it becomes necessary.  Again, thank you.

---

**From:** Aleena Sorathia <asorathia@azlawllc.com>
**Sent:** Monday, March 2, 2026 1:51 PM
**To:** Jill Johnston <jill.johnston@beasleyfirm.com>; Dion G. Rassias <dion.rassias@beasleyfirm.com>
**Cc:** Katelyn Mays <kmays@azlawllc.com>; Peter Erdely <perdely@azlawllc.com>
**Subject:** Re: [External]RE: [External]Re: [External]RE: [External]RE: [External]Re: [External]RE: RE: Re: Re: Garcia v. City of Phila, et al.

Hi Dion,

As someone who has litigated against the City before, I assume you are aware that the City rarely, if ever, deviates from its general release. This is also something courts are well aware of. At no point during our negotiations did you suggest you intended to sue another party regarding your client's incarceration, much less raise the issue of seeking a modified release. While you may think your revision is "modest," the City (including all of the City's agencies, commissions, and departments) needs to ensure its interests are fully protected before signing a modified release.

If you need an answer today, then you are welcome to have your client execute the standard release agreement already provided to you. If you would like to give me some time to try to work with the City to resolve the issue you inserted into this settlement, then I will need as much additional time as necessary to get the approval of all the stakeholders. Even then, I cannot promise the modifications you seek will be approved.

If you wish to discuss further, please do not hesitate to contact me.

Warm regards,

Aleena Y. Sorathia
_she/her/hers_



Ahmad Zaffarese LLC

One South Broad Street, Suite 1910

Philadelphia, PA 19107

215.496.9373 (office)

610.739.2443 (mobile)

www.azlawllc.com

The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

**From:** Jill Johnston <jill.johnston@beasleyfirm.com>
**Date:** Monday, March 2, 2026 at 12:49 PM
**To:** Aleena Sorathia <asorathia@azlawllc.com>
**Cc:** Dion G. Rassias <dion.rassias@beasleyfirm.com>, Katelyn Mays <kmays@azlawllc.com>, Peter Erdely <perdely@azlawllc.com>
**Subject:** [External]RE: [External]Re: [External]RE: [External]RE: [External]Re: [External]RE: RE: Re: Re: Garcia v. City of Phila, et al.

Dear Aleena,

I'm writing to follow up on the settlement agreement in this case. As you know, we represent a very sick man, and part of the incentive for settling for such a reasonable amount was the fact that he could begin getting his affairs in order at this time. We have made some revisions to the proposed general release, and the revisions are modest yet completely reasonable. At no time did we ever discuss that the City would be requesting that Mr. Garcia give up any and all other claims that he may have against any third parties by entering into a release which is predicated upon very specific facts with very specific defendants. Obviously, we have no problems with the release language regarding the Complaint and the Amended Complaint and the parties thereto. However, stretching that to serve as a release of a potential medical malpractice action against an Erie County medical provider was never contemplated or raised during our discussions.

I know these things take time with the City, but we have waited two weeks on a relatively clear and singular issue. As I look at the situation, I will likely have to file a motion to enforce our settlement agreement and wanted to give you notice that it will be forthcoming if I don't hear back from you soon. Thank you for your attention to this

3

matter, and I remain generally available at your convenience to discuss any of this.  Best regards.

Sincerely,
Dion

---

**From:** Aleena Sorathia <asorathia@azlawllc.com>
**Sent:** Tuesday, February 24, 2026 9:32 AM
**To:** Jill Johnston <jill.johnston@beasleyfirm.com>
**Cc:** Dion G. Rassias <dion.rassias@beasleyfirm.com>; Katelyn Mays <kmays@azlawllc.com>; Peter Erdely <perdely@azlawllc.com>
**Subject:** Re: [External]Re: [External]RE: [External]RE: [External]Re: [External]RE: RE: Re: Re: Garcia v. City of Phila, et al.

Hi Jill,

I'll follow up with the City now!

Warm regards,

Aleena Y. Sorathia
*she/her/hers*

AHMAD ZAFFARESE LLC

Ahmad Zaffarese LLC
One South Broad Street, Suite 1910
Philadelphia, PA 19107
215.496.9373 (office)
610.739.2443 (mobile)

www.azlawllc.com

The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

**From:** Jill Johnston <jill.johnston@beasleyfirm.com>
**Date:** Monday, February 23, 2026 at 6:56 PM

4

**To:** Aleena Sorathia <asorathia@azlawllc.com>
**Cc:** Dion G. Rassias <dion.rassias@beasleyfirm.com>, Katelyn Mays <kmays@azlawllc.com>, Peter Erdely <perdely@azlawllc.com>
**Subject:** [External]Re: [External]RE: [External]RE: [External]Re: [External]RE: RE: Re: Re: Garcia v. City of Phila, et al.

Hi Aleena,

I'm just following up on this since it's been a couple weeks. Thanks!

Jill

Sent from my iPhone

> On Feb 10, 2026, at 9:47 AM, Aleena Sorathia <asorathia@azlawllc.com> wrote:
>
> Thanks, Jill. I will note that this is a standard release agreement that the City is usually not open to revising. That being said, I'll make a few more proposed changes and run it by the City. It may take a few days for me to get back to you.
>
> Warm regards,
>
> Aleena Y. Sorathia
> *she/her/hers*
>
> <image001[11].png>
> Ahmad Zaffarese LLC
> One South Broad Street, Suite 1910
> Philadelphia, PA 19107
> 215.496.9373 (office)
> 610.739.2443 (mobile)
>
> www.azlawllc.com
>
> The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

**From:** Jill Johnston <jill.johnston@beasleyfirm.com>
**Date:** Monday, February 9, 2026 at 2:44 PM
**To:** Aleena Sorathia <asorathia@azlawllc.com>

5

**Cc:** Dion G. Rassias <dion.rassias@beasleyfirm.com>, Katelyn Mays
<kmays@azlawllc.com>, Peter Erdely <perdely@azlawllc.com>
**Subject:** [External]RE: [External]RE: [External]Re: [External]RE: RE: Re: Re:
Garcia v. City of Phila, et al.

Dear Aleena,

Here are the modest revisions we are making with respect to the General
Release.  It all comes down to one issue, which is Rafael needs to preserve a
potential malpractice claim against the prison for failing to appropriately
treat his serious cough, which apparently had sent him to the prison
infirmary for at least a year before he was eventually released.  We are
exploring the malpractice case and anticipate receiving those medical
records very soon.  We do not believe that our revisions in any way diminish
the General Release protections which you have achieved in favor of the City
and both detectives.  Please give me a call if there are any concerns that I
have not addressed with regard to this issue.  Thanks very much!

Jill

---

**From:** Aleena Sorathia <asorathia@azlawllc.com>
**Sent:** Monday, February 9, 2026 1:08 PM
**To:** Jill Johnston <jill.johnston@beasleyfirm.com>
**Cc:** Dion G. Rassias <dion.rassias@beasleyfirm.com>; Katelyn Mays
<kmays@azlawllc.com>; Peter Erdely <perdely@azlawllc.com>
**Subject:** Re: [External]RE: [External]Re: [External]RE: RE: Re: Re: Garcia v. City of Phila,
et al.

Hi Jill,

Yes, please see attached.

Warm regards,

Aleena Y. Sorathia
*she/her/hers*

<image001.png>
Ahmad Zaffarese LLC
One South Broad Street, Suite 1910
Philadelphia, PA 19107
215.496.9373 (office)
610.739.2443 (mobile)

6

www.azlawllc.com

The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

**From:** Jill Johnston <jill.johnston@beasleyfirm.com>

**Date:** Monday, February 9, 2026 at 12:30 PM

**To:** Aleena Sorathia <asorathia@azlawllc.com>

**Cc:** Dion G. Rassias <dion.rassias@beasleyfirm.com>, Katelyn Mays <kmays@azlawllc.com>, Peter Erdely <perdely@azlawllc.com>

**Subject:** [External]RE: [External]Re: [External]RE: RE: Re: Re: Garcia v. City of Phila, et al.

Hi Aleena,

Can you please send this in Word format? We have a few small edits, and it's much easier to make them in tracked changes for your review. Thanks!

Jill

---

**From:** Aleena Sorathia <asorathia@azlawllc.com>

**Sent:** Friday, February 6, 2026 3:38 PM

**To:** Jill Johnston <jill.johnston@beasleyfirm.com>

**Cc:** Dion G. Rassias <dion.rassias@beasleyfirm.com>; Katelyn Mays <kmays@azlawllc.com>; Peter Erdely <perdely@azlawllc.com>

**Subject:** Re: [External]Re: [External]RE: RE: Re: Re: Garcia v. City of Phila, et al.

Good afternoon, Jill,

Attached, please find the settlement and release agreement in the above-referenced matter. Please provide a w9 to process payment, confirm who the check should be made out to, and provide the best mailing address for the check.

Thank you and have a great weekend!

Warm regards,

Aleena Y. Sorathia
*she/her/hers*

7

&lt;image001.png&gt;
Ahmad Zaffarese LLC
One South Broad Street, Suite 1910
Philadelphia, PA 19107
215.496.9373 (office)
610.739.2443 (mobile)

www.azlawllc.com

The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

**From:** Jill Johnston <jill.johnston@beasleyfirm.com>

**Date:** Thursday, January 29, 2026 at 4:47 PM

**To:** Aleena Sorathia <asorathia@azlawllc.com>

**Cc:** Dion G. Rassias <dion.rassias@beasleyfirm.com>, Katelyn Mays <kmays@azlawllc.com>, Peter Erdely <perdely@azlawllc.com>

**Subject:** [External]Re: [External]RE: RE: Re: Re: Garcia v. City of Phila, et al.

Hi Aleena,

This will confirm that the Plaintiff has accepted the City's offer of $305,000 to settle this case. Please forward a Release for our review at your earliest convenience. Thanks very much.

Jill

Sent from my iPhone

8

# EXHIBIT "2"



**CITY OF PHILADELPHIA**

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

## <u>GENERAL RELEASE</u>

Rafael Garcia
c/o Dion Rassias, Esq.
Jill Johnston, Esq.
**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107-4997

In Reply Please Refer To:
File No. 112105
Date:  March 9, 2026
Payable within 60 days of receipt of
fully executed and notarized Release,
Medicare short form and W-9

**The lower portion of this form is a release.  Please read it carefully before signing.**

RAFAEL GARCIA
V.
CITY OF PHILADELPHIA, *ET AL.*

## <u>U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>
### <u>Case No: 24-cv-6316-JFM</u>

For, and in consideration of, the sum of **three hundred and five thousand dollars ($305,000.00)**, I, **RAFAEL GARCIA,** the plaintiff in the above-styled civil action, do hereby remise, release, and forever discharge Detective Gerard Brennan, Detective Thomas Wilson, Sergeant Joseph Del Grippo, the City of Philadelphia, its agents, servants, workers, or employees, and any and all other persons, associations or organizations, whether known or unknown, foreseen or unforeseen, of all actual and/or potential liability accrued and hereafter to accrue on account of and from all, and all manner of, actions and causes of action, claims and demands whatsoever, either in law or equity, especially a claim for injuries and/or damages arising from the allegations set forth in Plaintiff's Amended Complaint, filed March 31, 2025, including claims brought pursuant to 42 U.S.C. § 1983 alleging deprivation of liberty without due process of law and denial of a fair trial under the Fourteenth Amendment, civil rights conspiracy, failure to intervene, and

1

municipal liability arising out of the Philadelphia Court of Common Pleas Orders entered in March of 2024 vacating the judgments of sentence against Rafael Garcia ("Plaintiff") entered in 2006, which against the said City of Philadelphia, its agents, servants, workers or employees and any and all other persons, associations or organizations, whether known or unknown, foreseen or unforeseen, including but not limited to Detectives Gerard Brennan, Thomas Wilson, and Sergeant Joseph Del Grippo, ever had, I, **RAFAEL GARCIA**, now have, or which my heirs, executors, successors in interest administrators or assigns, or any of them, hereafter can, shall or may have, for, or by reason of any cause, matter or thing whatsoever arising from the above accident or incident, but is not limited to, any and all claims which have been made, are now being made, or could have been made in the lawsuit commenced by **RAFAEL GARCIA** in the United States District Court for the Eastern District of Pennsylvania at docket number **24-cv-6316-JFM**, captioned, Rafael Garcia v. The City of Philadelphia, *et al*.

By signing this release, Plaintiff, **RAFAEL GARCIA**, affirms that any pending lien arising from benefits paid by the Pennsylvania Department of Human Services, formerly known as the Pennsylvania Department of Public Welfare, or any other entity on account of any injuries arising from the above accident or incident has been or will be duly satisfied.

By signing this release, Plaintiff **RAFAEL GARCIA** affirms that any payment of settlement funds is subject to applicable law relating to taxes, liens or judgments that may be owed to the City of Philadelphia by **RAFAEL GARCIA**.

It is further understood that acceptance of this release and payment of the consideration herein named is not to be construed in any court whatsoever, or otherwise, as an admission of liability on the part of the said the City of Philadelphia, its agents, servants, workers or employees and any and all other persons, associations or organizations, whether known or unknown, foreseen

2

or unforeseen, including but not limited to Sergeant Joseph Del Grippo, Detectives Gerard Brennan and Thomas Wilson, in connection with the allegations set forth in the Amended Complaint (D.I. 17).

I, **RAFAEL GARCIA**, waive any claims for additional damages or interest under Pennsylvania Rule of Civil Procedure 229.1, Philadelphia Civil Rule 229.1, and any applicable provision of the Federal Rules of Civil Procedure. I, **RAFAEL GARCIA**, further waive any claims for costs, expenses, or attorney's fees recoverable under 42 U.S.C.A. § 1988, or any other law, statute, or rule of court.

Any changes to this three-page, type-written Release without the written approval of the City of Philadelphia shall render the Release null and void.

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal the ____ day of _____, two thousand and twenty-six and do hereby declare that I voluntarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of the injuries and/or damages above-mentioned, known or unknown, foreseen or unforeseen, including, but not limited to, attorney's fees and costs. I further declare that I have read this release and understand that I will receive no further payment, and I am signing this release with the intention of being legally bound by it.

Sworn to and subscribed before me

this ____ day of _____, 2026.

_____
**Rafael Garcia**
**SS#:**
**DOB:**

_____
NOTARY PUBLIC

3

# EXHIBIT "3"



# CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102

Diana P. Cortes,
City Solicitor

*(This form constitutes a release of your claim. Please sign it in the presence of a Notary Public and return it to your attorney immediately for a prompt payment of your claim.)*

CLAIMANT: ███████████████████████████████

Date: September 20, 2021

CCP, Phila., February Term, 2019, No. ███████ ̅laim No. 101740
████████████ et al v. City of Philadelphia, et al.

## GENERAL RELEASE

For and in consideration of the sum of **Twenty Thousand Dollars and No Cents (\$20,000.00), we,** ████████ a██████ e ███████, do hereby release and forever discharge the City of Philadelphia, its agents, workers or employees, and any and all other persons, associations or organizations, whether known or unknown, foreseen or unforeseen (hereinafter, the "Defendant"), of all actual and/or potential liability accrued and hereafter to accrue on account of and from all actions and causes of action, claims and demands whatsoever, in law or equity, especially a claim for injuries and/or damages sustained on/about **January 4, 2019 arising from a trip and fall accident at 10th and Race Streets, in Philadelphia, Pennsylvania**, which against the Defendant, its agents, workers or employees, **we,** ██████ **and** ████████████ ever had, now have, or which my/our heirs, executors, administrators or assigns, hereafter can, shall or may have, for, or by reason of any cause, matter or thing whatsoever arising from the above occurrences; provided, however, nothing contained herein shall be deemed a release or discharge of any first party, uninsured/underinsured motorist, health insurance, worker's compensation, governmental benefits and malpractice claims related in any way to this aforesaid accident payable by any party not named in this release.

(1)    The undersigned will indemnify and hold harmless the parties expressly released hereby of and from any loss, claim, lien(s), liability, cost, or expense growing out of any claim(s), including claims for contribution or indemnity, by any person or entity arising out of the occurrences;

(2)    This settlement is made in compromise of a disputed claim, without admitting any liability;

CCP, Phila., February Term, 2019, No. ███    Claim No. 101740
████████ **et al v. City of Philadelphia, et al.**

(3)    **We,** ████████ **and** ████████ waive any claims under Pennsylvania Rule of Civil Procedure 229.1 and Philadelphia Civil Rule 229.1;

(4)    By signing this release, the undersigned affirm that any pending lien arising from benefits paid by the Department of Public Welfare has been duly satisfied, or otherwise will be satisfied with payment(s) made herein.

(5)    By signing this release, Plaintiff warrants and represents that, if Plaintiff is or may become a Medicare-eligible beneficiary regarding any past, present or future medical expenses or costs associated with the injuries alleged in this matter, Plaintiff has notified or will notify Medicare promptly of the amount of this settlement, and will set aside monies received in this settlement to satisfy and/or will pay any current or future Medicare liens arising out of the injuries alleged in this claim, pursuant to the requirement to consider and protect Medicare's interests as stated in the Medicare Secondary Payer Act, 42 U.S.C. § 1395y, and its accompanying federal regulations at 42 C.F.R. § 411.1 et. seq. Plaintiff further agrees that, if Plaintiff does not notify Medicare of the amount of this settlement, or does not set aside monies received in this settlement to satisfy, and does not pay, any current or future Medicare liens arising out of the injuries alleged in this matter, pursuant to the requirement to consider and protect Medicare's interests as stated in the Medicare Secondary Payer Act, 42 C.F.R. § 411.1 et. seq., Plaintiff will defend, indemnify and hold harmless the City of Philadelphia, its departments and employees, from and for any claims or causes of action made against it or them by Medicare or any other claimant, for any Medicare liens or reimbursements, including any attorney fees, costs, interest, penalties or other losses arising from Plaintiff's failure to notify Medicare of the amount of this settlement and failure to set aside monies received in this settlement to satisfy and/or failure to pay any current or future Medicare liens arising out of the injuries alleged in this claim. The parties acknowledge and understand that any present or future action or decision by Medicare regarding Plaintiff's eligibility or entitlement to Medicare or Medicare payments, or any present or future action or decision regarding any present or future Medicare liens, arising out of the injuries alleged in this matter, will not render this Release void or ineffective, or in any way affect the finality of this Release. This settlement is contingent upon Plaintiff and Plaintiff's counsel having correctly represented to the City of Philadelphia all information regarding the role, if any, of Medicare in this matter including, but not limited to eligibility, care, payments, communications and agreements.

(6)    Any changes to this three-page, type-written Release without the written approval of the City of Philadelphia shall render this Release null and void.

(7)    Payment of any settlement funds is subject to applicable law relating to taxes, liens, or judgments that may be owed to the City of Philadelphia by claimants.

(8)    The City agrees not to pursue its cross-claims against co-defendants ████████, ████████.

CCP, Phila., February Term, 2019, No. ███, Claim No. 101740
████████████ **v. City of Philadelphia, et al.**

**On the** ____ **day of** ____ **, 2021, WE,** ██████████ **AND** ██ ██████ **DECLARE THAT WE HAVE READ THIS RELEASE AND UNDERSTAND THAT WE WILL RECEIVE NO FURTHER PAYMENT. WE ARE SIGNING THIS RELEASE WITH THE INTENTION OF BEING LEGALLY BOUND BY IT.**

**Sworn to and subscribed before me
this** _25_ **day of** _September_ **2021.**

_Eric Ferguson_
**NOTARY PUBLIC**

> Commonwealth of Pennsylvania - Notary Seal
> ERIC FERGUSON - Notary Public
> Philadelphia County
> My Commission Expires November 13, 2024
> Commission Number 1387331

**IT IS MANDATORY THAT THIS RELEASE BE NOTARIZED.**

On the 28th day of September, 2021, I, THOMAS H. LIPSCOMB, DEPUTY CITY SOLICITOR, DECLARE THAT I HAVE READ THIS RELEASE. I FURTHER DECLARE THAT IN ACCORDANCE WITH PARAGRAPH (8), <u>SUPRA,</u> THE CITY AGREES NOT TO PURSUE ITS CROSS CLAIMS AGAINST CO-DEFENDANTS ZAYO GROUP, LLC, AND HENKELS & MCCOY, INC.



Thomas H. Lipscomb
Deputy City Solicitor

## CERTIFICATE OF SERVICE

Dion G. Rassias, Esquire, hereby certifies that on this date, a true and correct copy of the

foregoing was sent to the below-listed individuals, via ECF:

Aleena Y. Sorathia, Esquire
Katelyn L. Mays, Esquire
Peter Erdely, Esquire
Ahmad Zaffarese LLC
One South Broad Street, Suite 1910
Philadelphia, PA 19107
*Attorneys for Defendants City of Philadelphia,*
*Gerard Brennan and Thomas Wilson*

**THE BEASLEY FIRM, LLC**

BY:     */s/ Dion G. Rassias*
DION G. RASSIAS, ESQUIRE
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000
(215) 592-8360 (facsimile)

DATED:  March 13, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAFAEL GARCIA | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 2:24-cv-06316** |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |
| | : | |

**PROPOSED ORDER #1**

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's Motion To Enforce Settlement Agreement, Or, In The Alternative, For Declaratory Judgment, it is hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED and the new material terms regarding "any and all other persons, associations or organizations, whether known or unknown, foreseen or unforeseen" and "or by reason of any cause, matter or thing whatsoever arising from the above accident or incident" are stricken from the Release to be executed between the parties, which otherwise confirms the settlement that was agreed to on January 29, 2026.

BY THE COURT:

_____
                                        J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAFAEL GARCIA** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 2:24-cv-06316** |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |
| | : | |

**PROPOSED ORDER #2**

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's Motion To Enforce Settlement Agreement, Or, In The Alternative, For Declaratory Judgment, it is hereby ORDERED and DECREED that Plaintiff's Motion for Declaratory Judgment is GRANTED and upon careful consideration of the General Release proffered by the City of Philadelphia in the instant case, this Court finds that the Release language does not preclude the Plaintiff from pursuing a possible medical malpractice action against the State Correctional Institution (SCI) Albion as a result of his possible cancer misdiagnosis.

BY THE COURT:

_____
J.